```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

IN RE: FLORIDA STRUCTURAL GROUP, INC.

    Debtor.
_____

FLSA PLAINTIFFS,

    Appellants-Creditors,

v.                             Case No: 2:25-cv-632-JES
                               Bankr. No. 2:25-bk-684-FMD

RICHARD M. DAUVAL,

    Appellee-Trustee.
_____

## OPINION AND ORDER

This matter comes before the Court on FLSA Creditors' Motion for Withdrawal of the Bankruptcy Reference, in Whole or in Part (Doc. #1-1; Bankr. Doc. #112) filed in Bankruptcy Court on June 18, 2025, and transmitted on July 11, 2025. The Chapter 7 Trustee filed an Objection (Doc. #1-2; Bankr. Doc. #156) on July 1, 2025. The Court finds that oral arguments are not warranted. The Request for Oral Argument and/or Evidentiary Hearing (Doc. #3) will be denied.

### A. Background

Appellants are 36 licensed security guards in a collective action initiated against debtor in federal court on July 21, 2023, seeking unpaid wages under the Fair Labor Standards Act (FLSA)

(hereinafter FLSA creditors).  See Pimentel et al. v. Strength20, LLC et al., 2:23-cv-544-JLB-KCD (M.D. Fla.) (FLSA case).  The operative pleading in the FLSA case is the Third Amended Fair Labor Standards Act Complaint alleging a failure to pay overtime wages and a failure to pay minimum wages under the FLSA, one count of a violation of the Florida Constitution and the Florida Minimum Wage Act, three counts against the co-defendants, one count of breach of contract against debtor, and quantum meruit against debtor. (FLSA case, Doc. #144.)

On April 18, 2025, Florida Structural Group, Inc. (FSB or debtor), one of the defendants, filed a Chapter 7 voluntary petition in the Middle District of Florida and a Notice of the filing in the FLSA case.  At the time, discovery was complete and summary judgment motions were pending in the FLSA case.  Also pending was a request for sanctions for discovery violations. However, the case was stayed pursuant to 11 U.S.C. § 362(a) and remains stayed.

The FLSA creditors allege that the bankruptcy filing was an attempt to force them into the claims procedure and that debtor is untruthful and hostile to creditors.  (Doc. #1-1 at 7.)  The FLSA creditors seek to withdraw the reference "with respect to any bankruptcy claims procedures, or adversary proceeding procedures which would purport to require FLSA Plaintiffs to file, litigate, or waive their rights and claims in a bankruptcy court rather than

in a court of law, where they are already filed and remain pending. FLSA [creditors] also move for withdrawal of the reference with respect to any contested matter", including a motion to dismiss and motion for relief from the automatic stay.  (Doc. #1-1 at 1-2.)  The FLSA creditors accuse debtor of bad faith in the filing although no such finding has been made by the Bankruptcy Court.

On July 24, 2025, the Bankruptcy Court issued an Order Denying FLSA Plaintiffs' Motion for Relief from the Automatic Bankruptcy Stay (Bankr. Doc. #195) and an Order Denying FLSA Plaintiffs' Motion to Dismiss the Bankruptcy Case (Bankr. Doc. #196) for the reasons stated on the record after hearing argument.  As of July 21, 2025, FLSA creditors have not yet filed a claim in the Bankruptcy Court.  (FLSA case, Doc. #186.)  The deadline to file a proof of claim is August 22, 2025.  No adversary proceeding has been filed.

### B. Withdrawal of Reference

The FLSA creditors argue that withdrawal is mandatory. Alternatively, it is argued that it is permissive for cause.  Under the Bankruptcy Code,

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, **for cause shown.** The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating

>     organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added). Under the first sentence of Section 157(d), withdrawal is permissive. Under the second sentence, withdrawal is mandatory. In re Hvide Marine Inc., 248 B.R. 841, 843 (M.D. Fla. 2000) (citing In re American Body Armor & Equip., Inc., 155 B.R. 588, 590 (M.D. Fla. 1993)).

**1. Mandatory Withdrawal**

Under the second sentence of Section 157(d), one of two theories can apply: (1) the "literal theory" requires a literal reading of the statute and "consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce" (quoting 28 U.S.C. ¶ 157(d)); or (2) the more widely used "escape hatch" argument applies if "the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a de minimis impact on interstate commerce." In re TPI Int'l Airways, 222 B.R. 663, 667 (S.D. Ga. 1998) (citations omitted). This second test requires withdrawal "when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws, or when there is a conflict between the bankruptcy and other federal law." Id. at 667 (internal quotation marks and citations omitted).

The FLSA creditors argue that the bankruptcy filing was made to "strong-arm the waiver of important remedial rights under a federal statute enacted in regulation of interstate commerce, and to foreclose the FLSA Plaintiffs from exercising and obtaining the mandatory, inalienable relief provided by the venerable FLSA, a federal remedial statute designed to protect the rights of the most vulnerable members of our economy: hourly wage workers." (Doc. #1-1 at 16-17.)

The FLSA creditors are not secured creditors nor are they the only creditors in the bankruptcy case. The Bankruptcy Court is not considering the merits of the FLSA case itself, which presents no first impression issues, only the claims. A resolution of the claims will require substantial and material consideration of bankruptcy law, not the FLSA or other federal laws. The FLSA creditors cannot bypass the orderly disposition of debtor's assets by withdrawing the reference. The deadline to file a proof of claim has not yet expired and the FLSA creditors have not themselves filed a claim.[1] Withdrawing the reference will not give the FLSA creditors a larger share over the secured creditors, nor bring them to the front of the line. As noted by the Trustee,

---

[1] The FLSA creditors have delayed participation pending resolution of motions. "[S]ince participation as a creditor in these proceedings could be construed as a waiver of important constitutional and remedial statutory rights, FLSA Plaintiffs are reluctant to do so until their motions filed today are resolved." (Doc. #1-1 at 9.)

"given the number of creditors in this Chapter 7 Case and the fact that the Trustee is still in the early stages of administering the Debtor's assets, it is important to avoid a race to the courthouse and to ensure that all creditors have an equal opportunity to recover from the Debtor."  (Bankr. #172 at 7-8.)

There are no first impression or complicated issues that cannot be handled by the Bankruptcy Court at this stage of the case.  The Court finds mandatory withdrawal does not apply.

**2. Permissive Withdrawal**

Under the first sentence of Section 157(d), the Court has discretion upon a showing of cause.  The requirement to show cause is not an "empty requirement."  In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir. 1991) (collecting cases). To show cause, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." In re Parklane, 927 F.2d at 536 n.5 (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985)).  See also In re Simmons, 200 F.3d 738, 742 (11th Cir. 2000) (citing Parkland). Other factors considered by some courts include: "(1) whether the claim is core or non-core, (2) efficient use of judicial resources, (3) a jury demand, and (4) prevention of delay.  In re TPI Int'l Airways, 222 B.R. 663, 668 (S.D. Ga. 1998) (collecting cases).

The FLSA creditors argue that debtor's lack of good faith in filing for bankruptcy relief is demonstrated by the Trustee's repeated written requests to turnover property, debtor's failure to appear at the initial 341 meeting and decline to respond to questions at the rescheduled meeting, and debtor's material misstatements in the schedules. (Doc. #1-1 at 10-15.) These arguments were raised in the bankruptcy case by Motion to Dismiss (Bankr. Doc. #111). In response, the Trustee conceded that debtor needed additional time to file schedules, and that debtor failed to appear at the initial 341 meeting but that these facts did not raise to the level of bad faith. (Bankr. Doc. #173 at 3.) "While it is true that the Debtor did file for bankruptcy, in part, in response to the FLSA Lawsuit, such action is not necessarily unusual and it does not change that fact that the Debtor's filing was also precipitated by substantial debts to many other creditors. There is no intent to avoid just the FLSA creditors; rather, the Debtor seeks to make a distribution to all of its creditors, in accordance with the priority scheme of the Bankruptcy Code." (Id. at 5.)

The FLSA creditors are not the only creditors seeking relief from the debtor. Considering the need to ensure "uniformity in bankruptcy administration, decreasing forum shopping and confusion," In re Parklane, 927 F.2d at 536 n.5, the Court finds

that withdrawal is not appropriate and would interfere with the timely administration of the bankruptcy process.

Accordingly, it is hereby

**ORDERED:**

1. FLSA Creditors' Request for Oral Argument and/or Evidentiary Hearing (Doc. #3) is **DENIED.**

2. FLSA Creditors' Motion for Withdrawal of the Bankruptcy Reference, in Whole or in Part (Doc. #1-1) is **DENIED.** The Clerk shall forthwith transmit a copy of this Opinion and Order to the Bankruptcy Court, terminate all deadlines and motions (Unopposed FLSA Plaintiffs' Request for Judicial Notice (Doc. #2)) as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of August 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Clerk, Bankr. Ct.
Parties of Record